Filed 11/12/25  P. v. Wiley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085063 |
| v. | (Super.Ct.No. FWV01095) |
| GEORGE EMANUEL WILEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant George Emanuel Wiley appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.6. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief. We have reviewed the contentions defendant raised in his supplemental brief and affirm the order.

## PROCEDURAL BACKGROUND

A jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1); burglary (§ 459, count 2); two counts of attempted robbery (§§ 664/211, 664, counts 3 & 4); false imprisonment by violence (§ 236, count 5); driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a), count 6); and being a felon in possession of a firearm (§ 12021, subd. (a); count 7). As to count 1, the jury found true that defendant was armed and personally used a firearm in the commission of the murder. (§§ 12022, subd. (a)(1), 12022.5, subd. (a).) As to counts 2 and 3, the jury found true that he personally inflicted great bodily injury (GBI) upon the victim. (§ 12022.7.) The jury found not true the felony-murder special circumstance allegations that the murder had occurred during the commission of a burglary and attempted robbery.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

On March 18, 1994, the court sentenced defendant to state prison for 25 years to life plus a determinate term of 14 years and four months. In an unpublished opinion filed on July 27, 1995, this court affirmed the judgment in part and reversed the judgment in part with modifications. (*People v. Foster, et al.*, (July 27, 1995, E014156) [nonpub. opn.].) On June 11, 1996, the trial court modified the judgment as ordered by this court.

On March 20, 2023, defendant petitioned for resentencing pursuant to section 1172.6. The prosecution filed a brief opposing resentencing, asserting that defendant was not eligible for relief since he was the actual killer. The prosecutor stated that, while defendant was charged under the felony murder theory, and there were multiple participants in the underlying felonies, the record of conviction showed that he was the actual killer. Defendant and his two co-defendants, M.F. and E.H., were all charged with murder. Defendant and M.F. were also charged with personal use of a firearm (§ 12022.5, subd. (a)), as they both possessed and used a gun. However, the prosecutor pointed out that only defendant was charged with personally inflicting GBI (§ 12022.7) on the victim, which the jury found true. The prosecution attached a copy of the prior appellate opinion and pointed out the relevant facts from that opinion were M.F.'s statement to the police that defendant shot the victim, and the recorded conversation between him and defendant while they were in their holding cells, when defendant said he shot the victim in self-defense.

Defendant filed a reply brief and also relied on the facts from the prior appellate opinion. He argued that the jury rendered a general verdict finding him guilty of first degree murder. However, because it was a general verdict, it was "unclear whether he was found guilty on felony-murder, an aiding and abetting or willful or deliberate theory." Defendant also argued that the court could not engage in judicial factfinding at the prima facie stage. Thus, he asked the court to issue an order to show cause and hold an evidentiary hearing.

On September 27, 2023, the court found there had been a prima facie showing based on the totality of circumstances, including that the case involved three defendants and two firearms. The court issued an order to show cause.

Both parties submitted supplemental briefing. The prosecutor's brief included an extensive factual background, with citations to the reporter's transcript from the trial. The prosecutor argued that the People's theory of the case, the charges, the jury instructions, and the verdicts all supported the fact that defendant was the actual shooter, and the jury agreed. The prosecutor pointed out that, at trial, it was argued that the GBI caused by defendant was the victim's death, and the jury found the GBI allegation true. Defendant's brief argued that the jury's not true finding on the special circumstance allegations that the murder had occurred during the commission of a burglary and attempted robbery required the court to grant resentencing under section 1172.6, subdivision (d)(2).

4

The court took judicial notice of the prior appellate opinion, and the prosecution submitted into evidence all the transcripts from the trial. The court reviewed the transcripts and held a hearing on November 20, 2024. Defense counsel argued that the jury found the killing was not done during the commission of a felony; thus, defendant should be resentenced under section 1172.6, subdivision (d)(2). The prosecutor responded that defendant was the actual killer, so section 1172.6, subdivision (d)(2) did not apply. The court disagreed with defense counsel's argument and stated that the jury simply did not find the special circumstance allegation true, and that the jury appeared to be confused. The court then asked whether defendant was found guilty under a theory of felony murder, and both counsel confirmed that he was found guilty under that theory. After further discussion, the court denied the resentencing petition, stating: "The Court finds beyond a reasonable doubt that the petitioner attempted to commit a robbery and/or a burglary in violation — the robbery is in violation of Penal Code section 211; burglary, 459 . . . and while attempting to commit those crimes, the petitioner personally committed an act that directly caused the death of another person." The court then stated it was finding "beyond a reasonable doubt" that defendant was guilty of first degree felony murder as defined by current law and thereby denied the petition.

Defendant filed a timely notice of appeal from the denial of his petition for resentencing.

5

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) The notice advised him that he could file a supplemental brief within 30 days. Defendant filed a supplemental brief. Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Ibid.*) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

Defendant's four-page handwritten brief raises non-meritorious claims. He cites to the prior appellate decision, in which we concluded that the trial court did not prejudicially err in refusing to give his requested instructions on lesser included offenses to murder. Defendant proceeds to claim that a failure to instruct on lesser included offenses of murder "was state law error, not federal constitutional error, and was not structural under *Chapman v. California* (1967) 386 U.S. 18." He asserts that he "requested lesser included offenses to murder with malice aforethought that the jury may decide his culpability, beyond a reasonable doubt. A due process [*sic*] that defendant has been denied when the trial court refused to instruct the jury on the lesser included offenses." Defendant

6

then argues that "[t]he jury's 'not true' finding(s) on the special circumstances(s) is thus most consistant [*sic*] — with the inference that — even without the asserted error — the jury would have most certainly found defendant 'not guilty' of felony murder." He concludes that the jury's not true finding was "entitled to significant weight in — evaluating what the jury would have decided if the trial court had properly instructed on lesser included offenses" and that the court's order denying his resentencing petition should therefore be reversed.

Notably, this court already decided in the prior appeal that the trial court did *not* prejudicially err in refusing to instruct the jury on lesser included offenses of murder. Thus, defendant's claim regarding "what the jury would have decided if the trial court had properly instructed on lesser included offenses" is immaterial. Further, it is not relevant to his petition for resentencing under section 1172.6.

"Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295.) Here, the prosecution argued the record of conviction showed that defendant was the actual killer. The court reviewed the record, including the trial transcripts, and concluded that defendant intended to commit

7

robbery and burglary, and "while attempting to commit those crimes, [he] personally committed an act that directly caused the death of another person." In other words, in denying the resentencing petition, the trial court found, and defendant does not dispute, that the evidence adduced at trial showed he was the actual killer. "[R]esentencing relief under section 1172.6 is not available to an 'actual killer.'" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.) Thus, the court properly denied defendant's petition.

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

RAMIREZ

P. J.

RAPHAEL

J.

8